**Svetoslav MOUTAFOV, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–71101.

I & NS No. A71–875–874.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2002.*
Decided March 12, 2002.

Before ALARCÓN, and SILVERMAN, Circuit Judges, and TEILBORG,** District Judge.

## MEMORANDUM ***

Svetoslav Moutafov ("Moutafov") has petitioned for judicial review of the dismissal of his application for asylum and withholding of deportation, and the denial by the Board of Immigration Appeals ("BIA") of his motion to reopen. We dismiss the petition for review of the merits of his application for asylum and withholding of deportation because he failed to file a petition for judicial review within 30 days of receiving actual notice of the BIA's decision on the merits. We also deny the petition for judicial review of the BIA's dismissal of Moutafov's motion to reopen because it was filed more than 90 days after he received actual notice of the dismissal of his appeal from the decision of the immigration judge.

The parties are familiar with the facts. Accordingly, we summarize only those facts that are necessary to understand our analysis of the correctness of the BIA's decision to deny the motion to reopen as untimely.

I

Moutafov, a citizen of Bulgaria, entered the United States without inspection on September 20, 1991. He was apprehended by officers of the Immigration and Naturalization Service ("INS") on the same day. He was duly served with an order to

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** Honorable James A. Teilborg, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

show cause charging him with deportability.

Moutafov filed an application for asylum and withholding of deportation. It was denied by an immigration judge on February 7, 1992. Moutafov filed a timely notice of appeal before the Board of Immigration Appeals on February 14, 1992. He indicated in the notice that his address was 600 East Olive Street, # 106, Seattle, WA 98122.

On January 20, 1997, Moutafov moved to 11612 40th Avenue, South Seattle, WA 98168. On January 22, 1997, he mailed a change of address form to the BIA.

On August 24, 1999, the BIA dismissed Moutafov's appeal from the denial of his application for asylum and withholding of deportation. The BIA mailed a copy of its decision to Moutafov's former address at 600 East Olive Street.

Sometime in December of 1999, Moutafov learned of the BIA's adverse decision by calling the INS's toll free number. On March 8, 2000, Moutafov's attorney filed a Freedom of Information Act ("FOIA") request for Moutafov's file. On May 3, 2000, a BIA paralegal faxed a copy of the August 24, 1999 decision to Moutafov's counsel.

On May 12, 2000, Moutafov filed a motion to reopen before the BIA in which he requested that he be granted the opportunity to seek judicial review before this court of the BIA's August 24, 1999 decision. The BIA denied the motion to reopen on July 31, 2000 because it was filed more than 90 days after its August 24, 1999 decision. See 8 C.F.R. § 3.2(c)(2). The BIA also held that the exception to the 90–day rule for asylum cases set forth in 8 C.F.R. § 3.2(c)(3)(ii) was inapplicable because Moutafov failed to demonstrate the existence of a change of circumstances in Bulgaria.

## II

Moutafov seeks judicial review of the dismissal of his appeal by the BIA from the denial of his application for asylum and withholding of deportation. He contends that he was denied a full and fair hearing by the immigration judge.

Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 § 309(c)(4)(C), a petition for judicial review must be filed no later than 30 days after the final order of exclusion or deportation. *Narayan v. INS,* 105 F.3d 1335, 1335 (9th Cir.1997). This statute of limitation is a jurisdictional bar. *Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). Furthermore, the filing of a motion to reopen does not toll the statutory time for filing the petition for review of the underlying final deportation order. *Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996). Moutafov filed his petition for review with this court over one year after the BIA's August 24, 1999 final order of deportation. According to the declaration he filed in support of his motion to reopen, Moutafov learned that his appeal from the immigration judge's decision had been dismissed in December 1999. He filed his petition for review on August 29, 2000, more than 242 days from the last possible date in December that he received actual notice. His petition was filed 118 days after he received a copy of the BIA's decision pursuant to his FOIA request.

■ It is undisputed that Moutafov did not file a petition for judicial review before this court within 30 days of receiving actual notice in December 1999 that the BIA had denied his appeal. Had he done so, Moutafov would have been able to make a strong argument that we should consider his petition, because the 30–day clock did not begin to run until he had received actual notice of the BIA's final disposition

of his appeal from the denial of his application for asylum and withholding of deportation. *See Martinez–Serrano*, 94 F.3d at 1258–59 (holding that when the BIA mails its decision to the wrong address, the time for filing a petition for review begins to run when the BIA mails another copy of its decision to the correct address); *see also Lehner v. United States*, 685 F.2d 1187, 1190–91 (9th Cir.1982) (holding that due process is satisfied where notice is mailed to the wrong address if the appellant received actual notice); *Namkung v. Boyd*, 226 F.2d 385, 389–90 (9th Cir.1955) (holding that an alien is not deprived of due process if he or she receives actual notice of a denial of an application to withhold deportation).

### III

Moutafov also contends that the denial of his motion to reopen deprived him of his due process right to file a petition for judicial review. He argues that because the BIA mistakenly sent notice of its decision on the merits of his application for asylum and withholding of deportation to his former address, notwithstanding the fact that he had notified the BIA of his change of address, he could not comply with the requirement of 8 C.F.R. § 3.2(c)(2) that motions to reopen must be filed within 90 days of the issuance of a final decision. We review the denial of a motion to reopen for abuse of discretion. *Varela v. INS*, 204 F.3d 1237, 1239 (9th Cir.2000). Issues of law are reviewed de novo. *Id.* Factual determinations are reviewed for substantial evidence. *Lal v. INS*, 255 F.3d 998, 1000 (9th Cir.2001).

The record shows that Moutafov did not file his motion to reopen until May 12, 2000. He received actual notice of the BIA's decision in December 1999. Thus, the motion to reopen was filed more than 90 days after he had actual notice of the BIA's final decision.

■ We have reviewed Moutafov's motion to reopen. It does not contain any explanation for the failure to file a motion to reopen within 90 days after he received actual notice of the BIA's adverse decision. While the BIA appears to have erred in sending notice of its decision to Moutafov's former address, any prejudicial impact of this error could have been avoided by the filing of the motion to reopen within 90 days of the receipt of actual notice of the BIA's final action on his appeal on the merits. Moutafov's failure to file a motion to reopen within 90 days of receiving actual notice of the BIA's decision deprived the BIA of the opportunity to exercise its discretion to grant the requested relief based on proof that the notice of its final decision had been misdirected. Under these circumstances, we are persuaded that the BIA did not abuse its discretion in denying the motion to reopen as untimely.

The petition for judicial review of the dismissal of Moutafov's application for asylum and withholding of deportation is DISMISSED. We DENY the petition for judicial review of the dismissal of the motion to reopen.

The motion to hold the disposition of this petition in abeyance pending the outcome of Moutafov's application for adjustment of his status due to his marriage to a United States citizen, or pending the outcome of the alleged joint motion to reopen to the BIA is DENIED.

The issuance of our mandate and the order of removal shall be stayed for 60 days from the filing of our disposition of the petition for judicial review. The INS is ordered to file a report within 60 days regarding the status of Moutafov's application for adjustment of status based on his remarriage, and to inform this court whether an additional stay of the issuance

of our mandate, and the order of removal, will be required to permit the INS to rule on the application for adjustment of status. *See Roque–Carranza v. INS,* 778 F.2d 1373, 1374 (9th Cir.1985).

[**] This disposition is not appropriate for publication and may not be cited to or by the