**Eduardo Aldana DUNGCA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–70002.

INS No. A70–169–715.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Decided Nov. 22, 2002.

Before BRIGHT,* GOODWIN, and TASHIMA, Circuit Judges.

MEMORANDUM**

Eduardo Dungca (Dungca), a native and citizen of the Philippines, petitions for review from the Board of Immigration Appeals' (BIA) dismissal of his appeal from an immigration judge's denial of his motion to reopen deportation proceedings. The

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

immigration judge (IJ) entered an order of deportation in absentia when Dungca failed to attend his hearing for voluntary departure. Dungca alleged that his failure to appear at his deportation hearing was due to the ineffective service of the Order to Show Cause (OSC) because his copy of the order did not have the date and time of the deportation hearing on it. Immigration and Naturalization Service (INS) border patrol agents stopped Dungca after he illegally entered the United States and served him with the OSC. The INS stated that an interpreter read the OSC to Dungca in his native Tagalog language. Because the parties are familiar with the facts, we recite here only those necessary to explain our decision.

Since immigration officials served Dungca with his OSC on January 28, 1993, his deportation proceedings are governed by former Immigration and Naturalization Act section 242B. *See Sharma v. INS,* 89 F.3d 545, 547 n. 2 (9th Cir.1996) (noting section 242B applies if notice was provided after June 13, 1992).

We review the denial of the motion to reopen for an abuse of discretion. *See Varela v. INS,* 204 F.3d 1237, 1239 (9th Cir.2000). Factual determinations are reviewed for substantial evidence. *See Lal v. INS,* 255 F.3d 998, 1000 (9th Cir.2001).

■ Dungca argues that the notice he received violated 8 U.S.C. § 1252B(a)(2) because the notice did not contain the time and date of the proceeding. Both the IJ and BIA commented that the OSC notified Dungca of the time and date of the hearing, listed the consequences of failing to appear, and required him to provide a current address. Dungca has failed to present any evidence to the contrary. The BIA also noted that Dungca failed to produce the OSC he claims the BIA gave him that omitted the hearing time and date. Accordingly, the IJ properly denied Dungca's motion to reopen and the BIA properly dismissed his appeal.

■ Dungca also asserts that the INS's service of the OSC violated his due process rights because he was not afforded the right to an attorney when served with the OSC and that the "Certificate of Translation" on the OSC does not identify whether the translator was fluent in both Tagalog and English. Dungca failed to raise these claims either before the IJ or the BIA, and thereby failed to exhaust his administrative remedies. We therefore lack jurisdiction to review these claims. *Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir.1997) (citing *Vargas v. INS,* 831 F.2d 906, 907–08 (9th Cir.1987) ("[f]ailure to raise an issue below constitutes failure to exhaust administrative remedies and 'deprives this court of jurisdiction to hear the matter' ")).

**PETITION DENIED.**