**Luis Enrique VARELA, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 98–70771.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 2000[1]

Decided March 8, 2000

---

1. The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Gary Silbiger, Silbiger & Honig, Los Angeles, California, for the petitioner.

Laura M. Friedman, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for the respondent.

Before: PREGERSON and WARDLAW, Circuit Judges, and SHADUR, District Judge.[2]

PREGERSON, Circuit Judge:

Luis Enrique Varela petitions this court for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen. We have jurisdiction to review the BIA's denial of the motion to reopen under Section 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a). *See Shaar v. INS*, 141 F.3d 953, 955 (9th Cir.1998).[3] We grant the petition for review, reverse the denial of his motion to reopen, and remand to the BIA.

---

**2.** The Honorable Milton I. Shadur, U.S. District Judge for the Northern District of Illinois, sitting by designation.

**3.** The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), which repeals Section 106(a) of the INA, does not apply to this case because a final order of

**I**

Varela is a native and citizen of Guatemala who entered the United States without inspection on or about August 10, 1991. Varela married Delmy Hernandez in November 1994. Varela and Hernandez have five minor children, all of whom are native-born United States citizens.

On August 26, 1995, the INS ordered Varela to show cause why he should not be deported. At some point, Varela applied for asylum and withholding of deportation. A merits hearing was held on June 24, 1996, at which Varela withdrew his application for asylum and withholding of deportation, and the Immigration Judge ("IJ") granted Varela voluntary departure by March 27, 1997. Attorney Terrence McGuire represented Varela at the merits hearing. McGuire advised Varela to withdraw his asylum application because Varela's wife, who had recently passed the naturalization exam and would become a United States citizen upon being sworn in, could file an application to adjust his status. The IJ told Varela that he could apply for adjustment of status if his wife became a citizen before March 27, 1997, the deadline for his voluntary departure.

Varela's wife became a United States citizen on August 16, 1996. Varela immediately asked an individual named Daniel Garcia to apply to adjust his status. He gave Garcia the relevant documents and fees totaling $1,230. Garcia is not an attorney, but Varela believed that he was McGuire's assistant. Garcia assured Varela that he did not have to leave the United States by March 27, 1997. Garcia also told Varela "not to be concerned" when he received a notice from the INS on May 19, 1997, ordering him to surrender himself for deportation on June 20, 1997.

---

deportation was entered on June 24, 1996. *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997) (stating that in cases in which a final deportation or exclusion order was filed on or before October 30, 1996, the INA as it was codified prior to the passage of IIRIRA applies); *Hose v. INS*, 180 F.3d 992, 994 (9th Cir.1999) (en banc) (same).

Neither McGuire nor Garcia filed a motion to reopen Varela's case until May 23, 1997. When Garcia did file the motion on behalf of Varela, he labeled it *"in propia persona."* The IJ denied the motion on two grounds: (1) it was not timely; and (2) it failed to establish Varela's prima facie eligibility for adjustment of status because Varela had remained in the United States beyond his voluntary departure date.

■ When Varela received the IJ's decision, he obtained new counsel who filed a second motion to reopen[4] on June 17, 1997. The IJ denied that motion because it was untimely, and did not satisfy the requirements for reopening based on ineffective assistance of counsel set out in *Matter of Lozada,* 18 I & N Dec. 637, 638 (BIA 1988). On appeal, the BIA affirmed, but on the ground that 8 C.F.R. § 3.2(c)(2) prohibits parties to deportation proceedings from filing more than one motion to reopen the proceedings.

While the appeal to the BIA was pending, Varela filed a complaint with the California State Bar about McGuire and Varela's wife sent a letter to McGuire, explaining the ineffectiveness of his services. In response to Varela's complaint with the State Bar, McGuire denied that Varela hired him to file the motion to reopen and adjustment of status application. McGuire also denied that Garcia was his assistant.

## II

■ A federal regulation places time and numerical limits on motions to reopen deportation proceedings. With limited exceptions not relevant here,

> a party may file only one motion to reopen deportation or exclusion proceedings (whether before the Board or the Immigration Judge) and that motion

must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later.

8 C.F.R. § 3.2(c)(2). The BIA found that Varela's June 17, 1997 motion to reopen ran afoul of § 3.2(c)(2) because it was the second motion to reopen that Varela filed. We review denials of motions to reopen for an abuse of discretion. *See Shaar,* 141 F.3d at 955; *Arrozal v. INS,* 159 F.3d 429, 432 (1998). Issues of law are reviewed de novo. *See Lopez v. INS,* 184 F.3d 1097, 1100 (9th Cir.1999) (reviewing de novo dismissal of motion to reopen on statute of limitations grounds); *Shaar,* 141 F.3d at 955. When the BIA engages in de novo review of the IJ's legal determinations, this court reviews only the decision of the BIA. *See Yepes–Prado v. U.S. INS,* 10 F.3d 1363, 1366 (9th Cir.1993). Therefore, the only issue before us is whether the BIA correctly found that § 3.2(c)(2) barred Varela's second motion to reopen.

We recently held that a statute of limitation governing motions to reopen a deportation proceeding is equitably tolled "where the alien's late petition is the result of deceptive actions by a notary posing as an attorney." *Lopez,* 184 F.3d at 1100. In *Lopez,* the petitioner Ruben Lopez was defrauded by a notary public pretending to be an attorney. Lopez hired the notary public to provide him with "legal representation" in obtaining a work permit, but the notary public filed a political asylum application, instructed Lopez not to appear for the INS interview or the deportation hearing, and did not appear on Lopez's behalf. As a result, the IJ ordered Lopez deported *in absentia. See id.* at 1098. When Lopez

---

4. Varela's counsel entitled this motion a "motion to reconsider motion to reopen, adjustment of status and request for stay of deportation," but the IJ and the BIA properly treated it as a motion to reopen. A motion to reopen is the correct motion to file when seeking to present new facts not already in evidence. *See Hyun Joon Chung v. INS,* 720 F.2d 1471,

1474 n. 2 (9th Cir.1983); Ira J. Kurzban, *Kurzban's Immigration Law Sourcebook* 738 (6th ed.1998). Here, Varela seeks to present new facts, that he did not present in the first motion to reopen, pertaining to his eligibility for adjustment of status, ineffective assistance of counsel by McGuire, and fraud by Garcia.

received notice of the deportation order against him, he obtained new counsel and filed a motion to reopen on the ground of ineffective assistance of counsel. *See id.* at 1099. Observing that the "equitable doctrine [of tolling] is read into every federal statute of limitation," *id.* at 1100 (quoting *Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 90 L.Ed. 743 (1946)), the court found that applicable statute of limitation[5] was tolled due to the fraud perpetrated on Lopez by the notary.

■ The facts in this case resemble the facts in *Lopez.* Like the petitioner in *Lopez,* Varela was defrauded by an individual purporting to provide legal representation. Daniel Garcia represented to Varela that he was an assistant to Terrence McGuire, the lawyer who had represented Varela at the deportation hearing. Believing that Garcia was employed as McGuire's assistant, Varela paid Garcia to file a motion to reopen and an application to adjust Varela's status based on his wife's newly acquired citizenship. He did so before the 90–day window for filing a motion to reopen had closed. Garcia took Varela's money, but filed no papers for over ten months. When Varela inquired about his case, Garcia repeatedly assured him that

he did not have to leave the United States when his grant of voluntary departure expired. Garcia wasted Varela's opportunity to reopen his deportation proceedings and apply for adjustment of status by filing a worthless motion. The motion served no purpose because it was filed after the statute of limitation had expired and provided no facts to justify equitable tolling.

■ The rationale underlying equitable tolling of the statute of limitation also justifies waiving § 3.2(c)(2)'s numerical limit on motions to reopen in cases of fraud. Tolling the statute of limitation without waiving the numerical limit would serve no purpose where, as here, the fraud perpetrated on the petitioner included the filing of a worthless motion to reopen. Accordingly, we grant the petition for review, reverse the BIA's denial of the motion to reopen, and remand to the BIA so that it may consider the merits of Varela's motion to reopen.[6] The panel shall retain jurisdiction over all future appeals in this matter.

PETITION GRANTED. REVERSED AND REMANDED.

5. The relevant statute of limitation in *Lopez* was set out in INA § 242B(c)(3)(A), 8 U.S.C. § 1252b(c)(3) (1994) which, prior to its repeal, governed motions to reopen in cases in which the alien failed to appear at the deportation hearing. *See* 184 F.3d at 1099.

6. On remand, the BIA must decide two issues. First, the motion was filed outside of the statute of limitations and thus, the BIA must decide whether the statute of limitation was equitably tolled. Given our decision that § 3.2(c)(2)'s numerical limit was waived, we see no reason why the BIA might conclude that statute of limitation was not also tolled.

Second, the BIA must decide the merits of Varela's motion to reopen. Varela asserts two independent grounds for reopening the proceedings: (1) his eligibility for adjustment of status; and (2) ineffective assistance of counsel by McGuire and Garcia. We observe that the first ground appears to have merit. Varela made a prima facie case for adjustment of status because he submitted "an ap-

plication for relief and all supporting documentation." 8 C.F.R. § 3.2(c)(1). Varela does not face the elevated burden of proving that his marriage was valid because he got married before deportation proceedings against him began. *See* 8 U.S.C. § 1255(e). In addition, Varela's failure to depart the United States by a voluntary departure deadline—ordinarily a bar to adjustment of status—may be excused in "exceptional circumstances." 8 U.S.C. § 1252b(e)(2) (repealed by IIRIRA); *see also Shaar v. INS,* 141 F.3d 953 (9th Cir.1998). We believe that the fraud perpetrated by Garcia is an exceptional circumstance. *See Lopez,* 184 F.3d at 1100 (observing that fraud by a nonattorney created an exceptional circumstance); *cf. In re Grijalva–Barrera,* Interim Decision 3284, 1996 WL 413571 (BIA 1996) (holding that ineffective assistance of counsel amounts to an exceptional circumstance). We also note that Varela's failure to comply with the *Lozada* requirements is not fatal to his motion. Ineffective assistance of counsel is a second, independent ground for reopening proceedings.