Jin Hwa LEE, et al., Petitioners,

v.

John ASHCROFT, Atty General, Respondent.

No. 01–70685.

I&NS Nos. A42–650–349, A77–157–663 A43–345–056.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2002.*

Decided March 12, 2002.

---

Before ALARCÓN, SILVERMAN, Circuit Judges, and TEILBORG,** District Judge.

MEMORANDUM ***

Jin Hwa Lee, his wife, Myung Suk Lee, and their child, Hyun Min Lee, appeal from a decision of the Board of Immigration Appeals affirming the Immigration Judge's denial of their motion to reopen their removal proceedings. Because the parties are familiar with the facts, we will not recite them in detail except as necessary. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we affirm.

The Lees argue that we review only the BIA's decision, not that of the IJ. When, as here, the BIA clearly incorporates the IJ's decision and fails to perform an independent review of the record, we review the IJ's decision. *Lopez–Reyes v. INS,* 79

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable James A. Teilborg, United States District Judge for the District of Arizona, sitting by designation.

F.3d 908, 911 (9th Cir.1996). Accordingly, we review the IJ's denial of the motion to reopen for an abuse of discretion. *Varela v. INS,* 204 F.3d 1237, 1239 (9th Cir.2000). Issues of law are reviewed de novo. *Id.* Factual determinations are reviewed for substantial evidence. *Lal v. INS,* 255 F.3d 998, 1000 (9th Cir.2001).

The Lees contend that the government should be equitably estopped from asserting the 90–day time limit on filing a motion to reopen, 8 C.F.R. § 3.2(c)(2), because the government committed misconduct by failing to disclose at the removal proceedings that the Lees had been Lawful Permanent Residents. However, the Lees did not raise this argument in their August 9, 2000 Motion to Reopen, and they failed to file a reply to the government's opposition brief, which specifically argued that the motion was untimely. Accordingly, the district court did not abuse its discretion in denying the motion to reopen. *See Varela,* 204 F.3d at 1239.

The Lees also challenge the IJ's conclusion that the Lees had "hardly shown a basis to succeed in their motion by their only citing a non published BIA decision." We affirm the IJ and conclude that the Lees did not make a prima facie case that they would be entitled to the relief sought. *See INS v. Abudu,* 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). The Lees admitted to entering the United States without inspection in violation of 8 C.F.R. § 235.1, making them removable regardless of whether they were legal permanent residents. *See Leal–Rodriguez v. INS,* 990 F.2d 939, 946–48 (7th Cir.1993).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.