Samuel VALENCIA–MENDOZA; Maria Refugio Sanchez–De Valencia, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICES, Respondent.

Nos. 00–70503, INS A71–820–369, INS A71–819–463.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2001.*

Submission vacated Oct. 11, 2001.

Resubmitted Nov. 19, 2002.

Decided Nov. 19, 2002.

Before BRUNETTI, RYMER and WARDLAW, Circuit Judges.

MEMORANDUM **

Samuel Valencia–Mendoza and Maria Refugio Sanchez de Valencia, natives and citizens of Mexico, petition for review of the BIA's decision denying their motion to reopen their proceedings *sua sponte* pursuant to 8 C.F.R. § 3.2(a). They also appeal the BIA's decision that notary fraud did not equitably toll the statute of limitations and restrictions upon the number of motions to reopen they could file under 8 C.F.R. § 3.2(c)(2). We lack jurisdiction to review the BIA's refusal to reopen, and otherwise affirm.

Although the case for which we deferred submission, *Socop–Gonzalez v. INS*, 208 F.3d 838 (9th Cir.), *reh'g en banc granted*, 229 F.3d 860 (9th Cir.2000), did not resolve the jurisdictional question presented here, *see Socop–Gonzalez v. INS*, 272 F.3d 1176 (9th Cir.2001) (en banc), we have since held that this court lacks jurisdiction to review a claim that the BIA should have exercised its *sua sponte* power to reopen a deportation proceeding. *Ekimian v. INS*, 303 F.3d 1153, 1158 (9th Cir.2002). As *Ekimian* controls, we cannot review the BIA's decision not to reopen the Valencia–Mendozas' deportation proceedings under 8 C.F.R. § 3.2(a).

The Valencia–Mendozas also contend that reopening is supported by changes in the law regarding what constitutes an exceptional circumstance for failing to appear. However, they made no such argument to the BIA. We lack jurisdiction to hear unexhausted issues, *Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir.1994), and therefore express no view on this point.

Finally, the Valencia–Mendozas argue that their motion should have resulted in equitable tolling of the statute of limitations. We disagree. Their situation differs from that of the petitioners in *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1221 (9th Cir.2002), *Socop–Gonzalez*, 272 F.3d at 1182, *Varela v. INS*, 204 F.3d 1237, 1240 (9th Cir.2000), and *Lopez v. INS*, 184 F.3d 1097, 1100 (9th Cir.1999), because the Valencia–Mendozas made a timely motion to reopen based on their notary's conduct. The BIA considered this motion on the merits in 1995, and no petition for review from its decision denying that motion was filed. Thus, no basis for equitable tolling appears.

PETITION DISMISSED IN PART; DENIED IN PART.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir R. 36–3.