**Zhou Huan MEI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–70800.
INS No. A43–852–519.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted March 13, 2003.*

Decided March 19, 2003.

Before GOODWIN, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM **

Zhow Huan Mei petitions for review of the Board of Immigration Appeals' ("BIA's") denial of his second motion to reopen his deportation proceedings. Mei concedes that his motion before the BIA was time- and number-barred under 8 C.F.R. § 3.2(c)(2); however, he argues that the ineffective assistance of his former counsel entitles him to equitable tolling. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1181, 1193 (9th Cir.2001) (en banc); *Varela v. INS,* 204 F.3d 1237, 1240 (9th Cir.2000).

Mei contends that his first and second attorneys should have sought a hardship waiver on his behalf during his original deportation proceedings, *see* 8 U.S.C. § 1186A(c)(4)(A), and that his subsequent attorney should have raised the failure to do so as ineffective assistance supporting his first motion to reopen. Assuming without deciding that the failure to seek a hardship waiver constitutes deficient performance and that Mei has acted diligently throughout these proceedings, Mei fails to demonstrate any prejudice. There is no evidence in the record that Mei was eligible for a hardship waiver in the first place. Mei adduces no evidence that his deportation would have caused an "extreme hardship" for himself or his citizen wife. Therefore the BIA did not abuse its discretion in finding no basis for equitable tolling.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Mei also argues that his marriage to a United States citizen renders him eligible for adjustment of status, the relief he sought in his second motion to reopen. This argument fails because Mei did not leave the country by his voluntary departure date, and thus he is ineligible for adjustment of status until October 1, 2004. *See* 8 U.S.C. § 1252b(e)(2)(A).

Finally, given that Mei had ninety days to file a motion to reopen and missed that deadline by a year, the BIA's treatment of his motion as one for reconsideration does not bear on the outcome of its decision.

DENIED.