Fatolah AFRASIABI, Petitioner—
Appellant,

v.

John ASHCROFT, Attorney General of the United States; Charles de Moore, District Director, Immigration and Naturalization Service, Respondents—Appellees.

No. 02–16353.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 2003.

Decided Aug. 15, 2003.

Before: REINHARDT, SILER,* and HAWKINS, Circuit Judges.

## MEMORANDUM **

Petitioner–Appellant Fatolah Afrasiabi ("Afrasiabi") appeals the denial of his habeas corpus petition challenging the deportation order entered against him in absentia when he failed to appear at a deportation hearing in San Francisco. Afrasiabi claims his due process rights were violated when the Board of Immigration Appeals ("BIA") failed to find that new evidence Afrasiabi presented in his BIA appeal demonstrated "exceptional circumstances" such that the proceedings should be reopened. *See* 8 U.S.C. § 1252b(c)(3) (1995).

A BIA decision violates due process "if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Ramirez–Alejandre v. Ashcroft*, 276 F.3d 517, 519 (9th Cir.2002). Here, Afrasiabi sought to present evidence to the BIA that he was prevented from attending the removal hearing because his wife was seriously ill and because Afrasiabi's brother, a non-lawyer, had assured him that he did not have to attend the hearing and could simply file a motion for change of venue instead.

This new evidence was insufficient to warrant a finding of exceptional circumstances. The BIA addressed Afrasiabi's claim that his failure to appear was caused in part by his brother's poor advice and treated it as a claim for ineffective assistance of counsel. Our cases recognizing ineffective assistance claims where non-lawyers purported to be attorneys involve petitioners who were fraudulently led to believe the people they were relying on were lawyers. *See Varela v. INS*, 204 F.3d 1237, 1240 (9th Cir.2000); *Lopez v. INS*, 184 F.3d 1097, 1100 (9th Cir.1999). The BIA and the district court correctly found that Afrasiabi was never under the

---

* Honorable Eugene E. Siler, Jr., Senior Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

impression that his brother was a lawyer. Therefore, he cannot claim reliance on his brother's advice as an exceptional circumstance, particularly where the IJ specifically advised him that he was still required to appear at the hearing even if he made a formal request to change venue.

The BIA did not address Afrasiabi's claim that his wife's illness prevented him from attending the hearing, and was not required to do so. In presenting new evidence to the BIA, the petitioner must show that "the evidence was not available or could not have been presented at the former hearing." *Ubau–Marenco v. INS,* 67 F.3d 750, 758 (9th Cir.1995). The evidence of Afrasiabi's wife's illness, which consisted only of his allegations that she was "a danger to herself and to her children," was available to be presented to the IJ in Afrasiabi's original motion to reopen.

Even if Afrasiabi could show that the BIA deprived him of a fair opportunity to present his case, he cannot show prejudice because the "new evidence" is insufficient to warrant a finding of exceptional circumstances. While alleging that his wife was out of control and unable to care for herself, Afrasiabi's own brief casts doubt on his account, stating that "the facts are murky," and that there is "something *res ipsa*" about his failure to appear. He also provides vague and inconsistent accounts of the timing of his wife's illness. Further, Afrasiabi states in his brief that he "believe[d] that he still must appear" until he consulted with his brother, indicating that he intended to attend the hearing in spite of his wife's illness, and that the true cause of his absence was his brother's advice. Finally, Afrasiabi called an INS attorney to say that he could not attend the hearing because of business demands, but made no mention of any difficulties with his wife in this phone call. Because these facts do not make out a basis for a finding of exceptional circumstances, Afrasiabi cannot show prejudice from any failure of the BIA to properly examine his evidence.

**AFFIRMED.**

REINHARDT, Circuit Judge, concurring specially.

I concur only because under the harsh rules applicable to immigration cases a minor human error can often result in decent people, who have long been residents of this country, being deported by the government to unfriendly, undemocratic nations. Such arbitrary actions often, as in this case, serve to break up families, dividing husbands from their wives and children. Here, a hard-working working man who after six years of hearings missed an appearance before an immigration judge will be deported to Iran, although he has traveled across the country to make similar appearances on a number of occasions, had never missed a hearing previously, and was trying, without benefit of counsel, to obtain a change of venue. For his sin, after living here almost thirty years, he will be deported to Iran to live in the Islamic Republic under the stewardship of the Mullahs. His U.S. citizen wife and American born children will in all likelihood be forced to remain here. We are not free as federal judges to interfere with this shameful process or to right this injustice. Nor under our system may I properly dissent. I can do no more than deplore the result I am compelled to reach.