

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-23-2003

# Eremenko v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3394

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Eremenko v. Atty Gen USA" (2003). *2003 Decisions.* Paper 263.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/263

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3394

SERGEY EREMENKO,

Petitioner

v.

JOHN ASHCROFT, Attorney General of
the United States,

Respondent

On Appeal from an Order entered before
The Board of Immigration Appeals
(No. A 79-142-046)

Submitted Under Third Circuit LAR 34.1(a)
June 27, 2003

Before: SLOVITER, AMBRO, <u>Circuit Judges</u>, and TUCKER*, <u>District Judge</u>

(Filed: September 23, 2003)

OPINION

---

*Honorable Petrese B. Tucker, United States District Court Judge for the Eastern District
of Pennsylvania, sitting by designation.

AMBRO, <u>Circuit Judge</u>

## I.      Background

Sergey Eremenko is a native and citizen of Russia.  On October 11, 2001, the INS determined that Eremenko was wanted on an outstanding Canadian immigration warrant and that he had no lawful immigration status in the United States.  The Immigration and Naturalization Service ("INS") issued a notice to appear, charging him as removable as an alien present in the United States without having been admitted or paroled and without proper immigration documents, in violation of § 212 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182.

In mid-January 2002, the INS appointed <u>pro bono</u> counsel for Eremenko. Both appeared before an Immigration Judge ("IJ") on February 4, 2002.  There Eremenko conceded deportability and applied for voluntary departure under 8 U.S.C. § 1229c, INA § 240B.  The IJ granted Eremenko voluntary departure until March 6, 2002, with an alternative removal order to Russia.  Eremenko waived his right to appeal the IJ's decision to the Board of Immigration Appeals ("BIA").  Because he was unable to procure travel documentation and leave the United States by March 6, the voluntary departure order became a final order of removal.

But on March 18, 2002, Eremenko filed a <u>pro se</u> motion requesting that the proceedings before the IJ be reopened so that he might apply for protection from removal under the Convention Against Torture ("CAT").[1]   The IJ denied that motion on March 21, 2002, stating that Eremenko "has failed to set forth any evidence whatsoever to show that he would be tortured

_____

[1]Article 3 of the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment of Punishment, 1465 U.N.T.S. 85, G.A. Res. 39/46, 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/39/51 (1984); 23 I.L.M. 1027 (1984).

were he to return to Russia" and that "he has set forth no new facts which would warrant a reopening." Eremenko appealed that denial to the BIA (apparently again acting pro se) on April 18, 2002. On May 3, 2002, he filed a second motion to reopen the proceedings with the IJ, this time through counsel. The IJ denied that motion on May 29, 2002, finding that she lacked jurisdiction to consider the second motion to reopen as jurisdiction had vested with the BIA when Eremenko filed his appeal of the denial of his first motion to reopen.

On July 13, 2002, Eremenko filed the brief in his appeal from the denial of his first motion with the BIA, arguing he had properly raised a claim for protection under CAT and thus the IJ had erred in denying the motion. He also filed documentary evidence in support of his appeal. The BIA dismissed Eremenko's appeal on August 9, 2002. This petition for review followed.

## II. Discussion

We have jurisdiction to consider this petition for review of the BIA's final order under section 242(a) of the INA, 8 U.S.C. § 1252(a). Our standard of review is abuse of discretion. Obianuju Ezeagwuna v. Ashcroft, 301 F.3d 116, 130 (3d Cir. 2002). Upon our review of the briefs and the record, we hold that the BIA did not abuse its discretion in denying petitioner's motion to reopen and Eremenko's petition for review is hereby dismissed.

The first question that we must consider concerns the scope of our review. The Government argues that only the IJ's dismissal of the first motion to reopen is properly before us because Eremenko did not file an appeal with the BIA from the dismissal of the second motion to reopen. As a result, he has, the Government contends, failed to exhaust his administrative remedies.

3

We disagree. We do not review the decisions of the IJ unless the BIA expressly adopts them. Abdulai v. Ashcroft, 239 F.3d 542 (3d Cir. 2001) ("[A]bsent special circumstances not present here, we review only decisions by the BIA and not those by immigration judges."). Instead, we review the final order of the BIA. INA § 242(a), 8 U.S.C. § 1252(a). Here, the final order of the BIA considered whether the second motion to reopen was properly dismissed. We see no reason why, in our review of the BIA's final order, we may not consider its holding that the second motion to reopen was properly dismissed. And, because the BIA has ruled on the IJ's dismissal of the first motion to reopen, Eremenko has exhausted his administrative remedies. Alleyne v. INS, 879 F.2d 1177, 1182-84 (3d Cir. 1989) (holding that review of questions not raised to the BIA is barred).

We consider next whether the BIA abused its discretion in denying Eremenko's motions to reopen. The BIA held that the IJ had correctly denied the first motion to reopen because it "was not accompanied by the requisite application for the requested relief or by any supporting documentation, as required by 8 C.F.R. § 3.23(b)(3)." Regulations provide that "[a]ny motion to reopen for the purpose of acting on an application for relief must be accompanied by the appropriate application for relief and all supporting documents." 8 C.F.R. § 1003.23(b)(3).[2] Eremenko's request to reopen the proceedings was not accompanied by an application for protection under CAT. Further, "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and

---

[2] 8 C.F.R. § 3.23(b)(3) has since been moved to 8 C.F.R. § 1003.23(b)(3), as a result of the enactment of the Homeland Security Act of 2002, Pub. L.107-296, tit. IV, subtits. D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002) (as amended).

4

could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2.[3] Assuming that Eremenko had included with his first motion the information that he included with his second motion, he has not explained why the information he presented for the first time to the BIA on appeal could not have been discovered or presented at the February 4, 2002 hearing. Accordingly, we hold that the BIA did not abuse its discretion in denying Erremenko's first motion to reopen.

The BIA concluded that the IJ correctly dismissed Eremenko's second motion to reopen for two reasons. First, as the IJ concluded, it lacked jurisdiction over the case because the filing of an appeal from the first motion to reopen vested jurisdiction with the BIA. Under 8 C.F.R. § 1003.23(b)(1), an IJ may not reopen a case when "jurisdiction is vested with the Board of Immigration Appeals." Because Eremenko had filed an appeal from the first denial of the motion to reopen, the IJ lacked jurisdiction to consider a second motion to reopen.

The BIA also noted that, in the event the IJ had retained jurisdiction, she lacked jurisdiction over the second motion because of "the numerical limitation on such motions set forth at 8 C.F.R. § 3.23(b)(1)." Subject to certain exceptions not relevant here, "a party may file only one motion to reconsider and one motion to reopen proceedings." 8 C.F.R. § 1003.23. Because Eremenko had already filed one motion to reopen, the BIA did not abuse its discretion in concluding that the second motion was barred by this regulation.

Eremenko points out that the numerical limit on motions to reopen may be waived in cases where the petitioner has been defrauded by an individual purporting to provide legal representation. Varela v. INS, 204 F.3d 1237, 1240 (9th Cir. 2000). He argues that the situation

[3]The Homeland Security Act moved 8 C.F.R. § 3.2 to 8 C.F.R. § 1003.2.

here -- where the first motion was filed "without the benefit of legal counsel, with the help of a 'jailhouse lawyer,' [and] after free legal counsel was appointed by the Appellant by the Court" -- is comparable to fraud. The IJ, he posits, had an obligation, before accepting the motion, to inform the attorney that Eremenko had filed a motion pro se so that the attorney might have an opportunity to advise Eremenko to withdraw that motion. While we agree that it is likely better practice on the part of the INS, in cases where an individual is represented by appointed counsel, to inform counsel that a pro se motion has been filed in order to give that counsel an opportunity to withdraw the motion, we can hardly say that a failure to do so amounts to fraud.

Finally, we must consider whether Eremenko's due process rights were violated because the BIA "improperly 'rubber stamped' approval of [the] immigration judge's decision" and "failed to give careful and individualized consideration to the instant case" by refusing to consider the documents presented on appeal. The BIA refused to consider these documents because they had not been submitted in connection with the first motion to reopen. While they had been submitted with the second motion to reopen, that motion had been denied on jurisdictional grounds and thus the documents had not been considered by the IJ. The BIA was within its discretion to refuse to consider those documents, as doing so would be effectively creating a record on appeal. As the BIA noted, its obligation as an appellate body is to limit its review to the record "as it was constituted before the Immigration Judge." So limiting its review does not mean that the BIA rubber-stamped the IJ's decision, nor does it indicate that the BIA failed to provide individual consideration of Eremenko's claim. Indeed, the fact that the BIA found an additional reason justifying the IJ's dismissal of the second motion to dismiss demonstrates that, far from rubber stamping Eremenko's appeal, the BIA considered the

6

particulars of Eremenko's case before concluding that affirmance was appropriate. We find no violation of Eremenko's due process rights.

*      *      *      *      *

**III.    Conclusion**

For the reasons stated above, we dismiss Eremenko's petition for review.

_____

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,


   /s/ Thomas L. Ambro
Circuit Judge

7