Joseph Castillo DEOCARIZA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70456.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 2, 2004.*

Decided Aug. 23, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

J. Jack Artz, Esq., Artz & Associates, Monterey Park, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, U.S. Department of Justice, Washington, DC, for Respondent.

Before: REINHARDT, NOONAN, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Joseph Castillo Deocariza ("Deocariza") seeks review of a December 31, 2002 Board disposition denying as time-barred Deocariza's July 22, 2002 motion to reopen.

Deocariza's failure to timely file was excused by his attorney's defective performance that is plainly manifest on the face of the administrative record. An attorney's failure to execute simple ministerial tasks rises to the level of a due process violation. *Castillo–Perez v. INS,* 212 F.3d 518, 525–26 (9th Cir.2000). Here, Deocariza was deprived due process by his attorney's hapless effort to file what would have been a meritorious application for adjustment of status.

Similarly, the deficient performance of Deocariza's counsel constitutes an exceptional circumstance forgiving his failure to timely depart. *See Varela v. INS,* 204 F.3d 1237, 1240 n. 6 (9th Cir.2000). Deocariza's first lawyer neglected to inform Deocariza that his appeal had been denied, and his second lawyer failed to discover that the appeal had been denied until after the thirty days had elapsed. Consequently, Deocariza had no knowledge that his period for voluntary departure had begun to run until after it had elapsed. Deocariza therefore remains eligible for voluntary departure.

The fact that Deocariza's motion to reopen exceeds the numerical limitation on such motions has no bearing on our analysis. In cases of "deception, fraud, or error," the limit may be waived. *Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir. 2003); *see also Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1224 (9th Cir.2002). Because the performance of Deocariza's counsel verged on misfeasance, the numerical limitation on motions to reopen is waived.

### THE PETITION IS GRANTED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.