**Zamri Bin AHMAD, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–73448.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

R.App. P. 34(a)(2).

Before: O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

MEMORANDUM **

Zamri Bin Ahmad, a native and citizen of Malaysia, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his second motion to reopen in absentia removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Varela v. INS*, 204 F.3d 1237, 1239 (9th Cir.2000), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Ahmad's second motion to reopen as numerically barred. *See* 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(4)(ii) (limiting party to one motion to reopen). Although we have recognized equitable tolling of the numerical limits where a petitioner's first motion to reopen was wasted through no fault of his own, Ahmad does not allege any such facts. *Cf. Varela*, 204 F.3d at 1240 (applying equitable tolling where fraudulent counsel filed "worthless" first motion).

We do not reach the underlying merits of Ahmad's second motion to reopen. To the extent Ahmad seeks review of an immigration judge's prior determination that he received proper notice of his November 1998 hearing, we lack jurisdiction because he failed to file a timely petition for review of the BIA's September 2002 order. *See*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**