

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2005

# Williams v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3827

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Williams v. Atty Gen USA" (2005). *2005 Decisions.* Paper 418.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/418

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3827
_____

DANIA WILLIAMS,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,

Respondent.
_____

On Petition for Review of an Order of the
Immigration and Naturalization Service
Board of Immigration Appeals
(BIA No. A77-635-072)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 26, 2005
_____

Before: RENDELL, FUENTES, and GARTH, Circuit Judges

(Filed: October 13, 2005)
_____

_____

OPINION

_____

RENDELL, <u>Circuit Judge</u>:

Petitioner Dania Williams seeks review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's denial of her motion to reopen removal proceedings. Williams argues that her proceedings should be reopened due to the ineffective representation of her previous counsel. We will deny the petition for review.

## I. Facts and Procedural History

Williams entered the United States on March 4, 1997, remained in the country beyond the date she was authorized to do so, and, in 1999, married a United States citizen. In February 2000, Williams filed a Form I-485, Application to Register Permanent Residence or Adjust Status, and her husband filed a Form I-130, Petition for Alien Relative. For reasons not clear, Williams' husband withdrew his petition the day he was to be interviewed by the United States Citizenship and Immigration Services ("USCIS"). Williams' application was therefore denied and she was placed in removal proceedings. In June 2001, her husband renewed his Petition for Alien Relative. A second interview was scheduled and, once again, he withdrew his petition at the USCIS interview.

2

After the second failed attempt to register as a permanent resident, Williams was informed by her attorney that her only option was to seek voluntary departure at her removal hearing. He did not advise Williams that she could file a Form I-360 as a Self-Petitioning Abused Spouse of a United States Citizen. The Immigration Judge granted Williams' request for voluntary departure on October 18, 2001, permitting her to remain in the country until February 15, 2002. At that time, Williams expressly waived her right to appeal the Immigration Judge's order.

After the removal hearing, Williams sought new counsel. On February 15, 2002, she filed a Form I-360 as a Self-Petitioning Abused Spouse of a United States Citizen and her petition was approved on October 9, 2002. Williams did not file a motion to reopen her removal proceedings until March 13, 2003, at which time she argued that her proceedings should be reopened due to the ineffective assistance of her previous counsel and her new eligibility for adjustment of status based on the approved I-360 petition. The Immigration Judge denied her motion on the grounds that it was filed more than ninety days after the final removal order. The BIA affirmed on the same grounds.

## II. Jurisdiction and Standard of Review

This Court has jurisdiction to review the BIA's order under 8 U.S.C. § 1252(a). The Court reviews the denial of a motion to reopen for abuse of discretion, with "broad deference" to the BIA's decision. Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). Reversal is appropriate only if the BIA's decision was "arbitrary, irrational, or

3

contrary to law." <u>Sevoian v. Ashcroft</u>, 290 F.3d 166, 174 (3d Cir. 2002).

## III. Discussion

A claim of ineffective assistance of counsel is a valid basis for a motion to reopen proceedings before an immigration court under certain circumstances. <u>Lu v. Ashcroft</u>, 259 F.3d 127, 132 (3d Cir. 2001); <u>Matter of Lozada</u>, 19 I. & N. Dec. 637 (BIA 1988). An alien must file a motion to reopen proceedings before the Immigration Judge no later than ninety days after the date on which the final administrative decision was rendered. 8 C.F.R. § 1003.23(b)(1). Furthermore, an alien is permitted to file only one motion to reopen proceedings. <u>Id.</u> In the instant case, the Immigration Judge granted Williams voluntary departure on October 18, 2001. Because Williams waived her right to appeal, the order was final at that time. 8 C.F.R. § 1003.39. Yet, Williams did not file a motion to reopen proceedings until March 2003, more than a year after the Immigration Judge issued its order. Thus, it would appear the motion was untimely and should have been denied.

Williams argues that the principle of equitable tolling extends the ninety-day deadline for her motion. Equitable tolling permits a filing requirement to be tolled when a party has "been prevented from filing in a timely manner due to sufficiently inequitable circumstances." <u>Seitzinger v. Reading Hosp. & Med. Ctr.</u>, 165 F.3d 236, 240 (3d Cir. 1999). Courts must use equitable tolling cautiously, <u>id.</u>, and not apply the doctrine when it is inconsistent with congressional intent, <u>Longenette v. Krusing</u>, 322 F.3d 758, 767

4

(3d Cir. 2003). In particular, equitable tolling cannot be applied to a time limitation that is "jurisdictional." Borges v. Gonzales, 402 F.3d 398, 405 (3d Cir. 2005). Even where equitable tolling does apply, parties asserting it must use "due diligence" to preserve their claims. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005).

Courts of appeals for other circuits have held that the ninety-day filing requirement of 8 C.F.R. § 1003.23(b)(1) is non-jurisdictional and can therefore be tolled to accommodate claims of ineffective assistance of counsel. Iavorski v. INS, 232 F.3d 124, 134 (2d Cir. 2000); Varela v. INS, 204 F.3d 1237, 1240 (9th Cir. 2000); cf. Borges, 402 F.3d at 406 (holding that the 180-day time limitation for a motion to reopen removal orders entered in absentia "is more appropriately considered as analogous to a statute of limitations and, thus, subject to equitable tolling"). This Court has not ruled on whether 8 C.F.R. § 1003.23(b)(1) is non-jurisdictional, and the facts of this case make it unnecessary for us to do so here. Williams argues that the ninety-day filing requirement should have been tolled between October 18, 2001 and February 15, 2002, when she was unaware that counsel had provided her ineffective representation. Furthermore, she claims that the filing requirement should have been tolled while her I-360 petition was pending between February 15, 2002 and October 9, 2002. Assuming, without so holding, that Williams is correct in her assertion that equitable tolling applies from October 18, 2001 to October 9, 2002, it is clear that the doctrine does not apply after that time and that

her motion to reopen proceedings was therefore still untimely.

Williams did not ultimately file her motion until March 13, 2003, more than five months after her I-360 petition was granted. The explanation she provides for this delay was that it was needed so her new counsel could investigate the ineffective assistance claim. She also argues that reliving the abuse of her husband made it difficult for her to act quickly on the motion. Finally, she claims that, because she could only file one motion to reopen proceedings, she needed time to gather "every possible shred of evidence in support of [her] motion." (Pet. Br. 24.) Thus, Williams believes that she used reasonable diligence under the circumstances and that the ninety-day deadline should have been tolled to permit her to file the motion.

This Court sympathizes with the plight of Williams. It is clear that she has received poor counsel throughout these proceedings, a fact that the BIA also recognized. Yet, she has provided no valid argument for tolling the ninety-day filing requirement between the time her I-360 petition was approved in October 2002 and the time she actually sought to reopen proceedings in March 2003. Given that Williams and her counsel had long been aware of previous counsel's mistakes by that point, and that her I-360 petition for had been approved for months, it was reasonable to expect her to file a motion to reopen proceedings within the ninety-day time limit. The fact that only one motion to reopen proceedings is permitted under 8 C.F.R. § 1003.23(b)(1) is no justification for a party failing to act within the prescribed time. The doctrine of equitable

tolling must be applied cautiously, <u>Seitzinger</u>, 165 F.3d at 240, and the BIA did not abuse

its discretion when it determined that the circumstances for its application were not

present here.  We will therefore DENY the petition for review.

_____