**Gurdarshan SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70672.

Agency No. A72–763–795.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 21, 2005.

Robert B. Jobe, Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Nancy E. Friedman, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before WALLACE, LEAVY and BERZON, Circuit Judges.

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74818.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 16, 2005.*

Decided Nov. 21, 2005.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo A

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Professional Corporation, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ—U.S. Department of Justice Civil Division/Torts Branch, Washington, DC, for Respondent.

Before: GOODWIN, O'SCANNLAIN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Petitioner Tarlok Singh seeks review of the Board of Immigration Appeals' (BIA) denial of his untimely and number-barred motion to reopen deportation proceedings. To the extent we have jurisdiction, it arises under 8 U.S.C. § 1252 and The REAL ID Act, Pub.L. No. 109–13, 119 Stat. 231, Div. B, § 106(d) (May 11, 2005).

We lack jurisdiction to review Singh's claim that the BIA should have exercised its *sua sponte* authority to hear his number-barred motion to reopen. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

Singh also claims that the time and number limits on motions to reopen should be equitably tolled because of his former counsel's ineffective assistance. Specifically, his former counsel did not discuss *In re Velarde–Pacheco*, 23 I. & N. Dec. 253 (2002), in his first motion to reopen.

When a time limit is equitably tolled, an event "simply stops the clock until the occurrence of a later event that permits the statute to resume running." *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1195 (9th Cir.2001) (en banc). *Velarde–Pacheco* was

decided after Singh's ninety days expired. Therefore, the time limit cannot be tolled because there was no vital information to discover or event to stop the clock before his ninety days passed.

It would "serve no purpose" to toll the number limit when time limit cannot be tolled. *Cf. Varela v. INS*, 204 F.3d 1237, 1240 (9th Cir.2000) (tolling the number limit because it would "serve no purpose" to toll the time limit alone when a worthless motion had been filed earlier). Even if the number limit were tolled, Singh could obtain relief only if the BIA invoked its *sua sponte* authority to reopen his case on its own motion.

The petition for review is DISMISSED in part and DENIED in part.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.