Ulises SOLIS–ARENAS, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71001.

United States Court of Appeals, Ninth Circuit.

---

Submitted March 9, 2006.*

Decided March 13, 2006.

Thomas A. Mix, Esq., Carlsbad, CA, for Petitioner.

Richard M. Evans, Esq., Paul Fiorino, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, THOMAS, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Ulises Solis–Arenas ("Solis") seeks review of a final order of removal of the Board of Immigration Appeals ("BIA"), denying his second motion to reopen and/or reconsider. Solis contends that the BIA should have granted his motion because he was denied effective assistance of counsel. He also argues that an exception to the numerical limits on motions to reopen should apply so that his motion is not number-barred.

We have jurisdiction pursuant to 8 U.S.C. § 1252(b) and review the BIA's ruling on a motion to reopen for an abuse of discretion. *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1187 (9th Cir.2001) (en banc) (citation omitted). We review a claim involving an allegation of ineffective assistance of counsel de novo. *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1044–45 (9th Cir.2000).

The regulation governing a motion to reopen in immigration court provides that a party may file only one motion to reopen removal proceedings unless one of the statutory exceptions applies. 8 C.F.R. § 1003.2(c)(2).[1] Solis does not argue that one of the statutory exceptions applies; instead, Solis is attempting to bring himself within a narrow exception to the numerical limit on motions to reopen by citing *Varela v. INS*, 204 F.3d 1237, 1240 (9th Cir.2000) (holding that an equitable tolling exception to the numerical limit on motions applies in cases where "the fraud perpetrated on the petitioner included the filing of a worthless motion to reopen").

Solis does not assert sufficient facts to avail himself of the rule we announced in *Varela*. Unlike the petitioner in *Varela*, Solis does not allege that he was defrauded by a non-attorney who was purporting to assist an attorney or that the person assisting him filed a worthless petition to reopen. We need not consider issues not raised in Solis's brief. *See Int'l Union of Bricklayers & Allied Craftsman, Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir.1985).

Additionally, Solis now refers to the person who assisted him as an attorney and, accordingly, he must comply with *Matter of Lozada*, 19 I & N Dec. 637, 1988 WL 235454 (BIA 1988), which sets forth the requirements for the filing of a motion to reopen or reconsider based on ineffective assistance of counsel. Solis has already conceded that he did not comply with *Lozada* by arguing in his second motion to

---

Court's opinion and our prior opinion, and we do not repeat them here.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. If we construe Solis's motion as a motion to reconsider, it is subject to the same limitation under 8 C.F.R. § 1103.2(b)(2). It is therefore inconsequential whether we construe the motion as one to reopen or to reconsider.

reopen that he *need not* comply with its requirements. Furthermore, Solis has not established that he was prejudiced by any alleged ineffective assistance of counsel, as required for relief. *Id.* at 638.

PETITION FOR REVIEW DENIED.