**Chunhua HUANG, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

**No. 05–70093.**

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2006.*

Decided March 14, 2006.

Frederick P.S. Whang, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Melissa Neiman–Kelting, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM**

Chunhua Huang filed a habeas petition in district court, which was transferred to this court as a petition for review, claiming ineffective assistance of counsel and abuse of discretion in various immigration proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252(a) and deny the petition for review.

Because the effective date of Huang's petition is January 21, 2004, we only have jurisdiction to consider her challenge to the BIA's order dated December 23, 2003. *See* 8 U.S.C. § 1252(b)(1) (stating that an alien must file a petition for review "not later than 30 days after the date of the final order of removal"); *Stone v. I.N.S.,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (holding that this time requirement is "mandatory and jurisdictional") (citation omitted).

The BIA did not abuse its discretion in denying Huang's motion for reconsideration. 8 C.F.R. § 1003.2(b)(1) states, "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." However, Huang's motion does not specify any legal or factual

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

error on the part of the BIA and instead reiterates arguments already rejected by the BIA. The motion also improperly attempts to introduce new evidence.[1] *See Socop–Gonzalez v. I.N.S.,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001).

**PETITION DENIED.**

---

**1.** We express no opinion whether, under *Varela v. I.N.S.,* 204 F.3d 1237 (9th Cir.2000), Huang may file a second motion to reopen alleging ineffective assistance of counsel for counsel's handling of the first motion to reopen to the extent it failed to satisfy the requirements of *Matter of Lozada,* 18 I & N Dec. 637, 638 (BIA 1998), or otherwise.

