**Feliciano Arteaga CASTILLO; Gabriela Santana Lopez; Maria Guadalupe Arteaga Santana; Gerardo Arteaga Santana, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–76347.**

United States Court of Appeals, Ninth Circuit.

Submitted June 21, 2007 *.

Filed Aug. 8, 2007.

Felciano Atrteaga Castillo, pro se.

Gabriela Santana Lopez, pro se.

Maria Guadalupe Arteaga Santan, pro se.

Gerardo Arteaga Santana, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kathleen V. Gunning, Esq., FDIC—Federal Deposit Insurance Corporation, Legal

Division/Appellate Unit, Arlington, VA, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

**MEMORANDUM**\**

Feliciano Arteaga Castillo, his wife, Gabriela, and their two children, Maria and Gerardo, petition for review of the BIA's denial of their request to reopen their removal proceedings. We deny the petition.

The Arteagas contend they were victimized by a notary who filed frivolous applications. Fraudulent representation by a notary can give rise to a claim of ineffective assistance of counsel that may warrant reopening. *See Lopez v. INS*, 184 F.3d 1097, 1100 (9th Cir.1999). In such instances, the alien must substantiate the claim and demonstrate prejudice. *Id.* Here, the Arteagas suffered no prejudice by having been initially represented by a non-attorney because they conceded they were statutorily ineligible for relief. Indeed, in denying their prior petition for review, we determined, for that reason, it was not necessary to reach the question of whether they were the victims of notary fraud. *See Arteaga Castillo v. Gonzales*, 132 Fed. Appx. 167 (9th Cir.2005) (unpublished memorandum).

The Arteagas also argue they are eligible for a "U visa" that would stay their

orders of removal. Such a visa is available for victims of certain qualifying crimes and is intended to provide temporary legal status to victims who cooperate with officials during investigations and prosecutions. *See* 8 U.S.C. § 1101(a)(15)(U). Even assuming the notary's alleged crimes are "qualifying crimes" for purposes of the statute, the record indicates the Arteagas have not yet applied for such relief and, accordingly, the BIA could not have erred by failing to reopen on that ground.

Finally, the BIA ruled the Arteagas' motion to reopen was untimely because it was not filed within 90 days of the BIA's final decision as required by 8 U.S.C. § 1229a(c)(7)(C)(i). Although that time period may be equitably tolled where the alien's late petition is the result of deceptive action by a notary posing as an attorney, *see Varela v. INS*, 204 F.3d 1237, 1239 (9th Cir.2000), that is not the circumstance here. Rather, the Arteagas retained new counsel to file their notice of appeal to the BIA and do not contend that any fraud or ineffective assistance of counsel precluded them from making a timely request for reopening.

**PETITION FOR REVIEW DENIED.**

\* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.