**Sergey M. USMANOV, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72698.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 21, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Howard R. Davis, Esq., Law Offices of Barbara J. Darnell, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Elizabeth J. Stevens, Russell J.E. Verby, for Respondent.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Sergey M. Usmanov, a native of the former Soviet Union and a citizen of Tajikistan, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his second motion to reopen proceedings due to ineffective assistance of counsel and to reapply for withholding of removal and protection under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Singh v. Gonzales,* 416 F.3d 1006, 1009 (9th Cir.2005), we grant in part and deny in part the petition for review.

The BIA abused its discretion when it failed fully to address Usmanov's ineffective assistance of counsel claim based on prior counsel's failure to file Us-

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

manov's first motion to reopen to apply for adjustment of status prior to the expiration of his voluntary departure period and adequately to present the bona fides of his marriage in the first motion to reopen. *See Singh,* 416 F.3d at 1009 (remanding in light of BIA's failure to address ineffective assistance of counsel claim). We remand for the BIA to reconsider Usmanov's ineffective assistance of counsel claim and to consider whether prior counsel's performance warrants equitable tolling of the numerical limits on Usmanov's motion to reopen. *See Varela v. INS,* 204 F.3d 1237, 1240 (9th Cir.2000) (tolling numerical limit where counsel filed a worthless first motion).

The BIA did not abuse its discretion in determining that Usmanov failed to provide sufficient evidence of changed circumstances in Tajikistan. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000) (the BIA does not abuse its discretion unless it acts "arbitrarily, irrationally or contrary to law"). Contrary to Usmanov's contention, the BIA considered the evidence and adequately explained its decision. *Cf. Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir.2005) (remanding where BIA stated only that petitioner's motion to reopen was denied and provided no further explanation).

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**