MEMORANDUM *
Angeles Ortega appeals from the Board of Immigration Appeals’ (“BIA”) denial of Ortega’s motion to reopen her deportation proceedings. We have jurisdiction under 8 U.S.C. § 1252(a), and we grant and remand to the BIA.
Because the BIA considered Ortega’s ineffective assistance of counsel argument and also determined that Ortega had not shown exceptional circumstances, we have jurisdiction even though Ortega did not make the argument before the BIA. See Socop-Gonzalez v. I.N.S., 272 F.3d 1176, 1186 (9th Cir.2001). Ortega complied with the procedural requirements for an ineffective assistance of counsel claim as established by the BIA in Matter of Lazada, 19 I. & N. Dec. 637 (BIA 1988). See Iturribarria v. I.N.S., 321 F.3d 889, 900 (9th Cir.2003). Ortega’s failure to voluntarily depart is excused by the exceptional circumstance of her counsel’s ineffective assistance. See Varela v. I.N.S., 204 F.3d 1237, 1240 n. 6 (9th Cir.2000); In re Grijalva-Barrera, 21 I. & N. Dec. 472, 474 (BIA 1996).[1] Ortega must therefore be allowed to apply for suspension of deportation as though her counsel’s ineffective *687 assistance had not occurred. See Castillo-Perez v. I.N.S., 212 F.3d 518, 528 (9th Cir.2000).
GRANTED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Proceedings in Ortega's case commenced before April 1, 1997, and the final agency order was entered after October 31, 1996. Therefore, the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA”) apply. See ICalaw v. INS, 133 F.3d 1147, 1151 (9th Cir. 1997). IIRIRA removed the "exceptional circumstance” justification, so cases such as Varela are superseded by statute as applied to future cases. Compare 8 U.S.C. § 1229c(d) (2006) with § 1252b(e)(2)(A) (repealed 1996); see *687 also Granados-Oseguera v. Miikasey, 546 F.3d 1011, 1016 (9th Cir.2008).