Francisco Javier **FLORES
CASTREGON;** et al.,
Petitioners,

v.

John **ASHCROFT,** Attorney
General, Respondent.

No. 03–71432.

Agency Nos. A75–477–842, A75–477–843.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2004.*

Decided Nov. 24, 2004.

Raul Gomez, Esq., Law Office of Raul
Gomez, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey J. Bernstein, Esq., Patricia K. Buchanan, Esq., DOJ—U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before FERNANDEZ, SILVERMAN,
and CALLAHAN, Circuit Judges.

MEMORANDUM **

Petitioners Francisco Javier Flores Castregon and Lidia Arellano petition this court for review of the Board of Immigration Appeals' (BIA) denial of their motion to remand (reopen)[1] to apply for relief from deportation on grounds of ineffective assistance of counsel. Petitioners claim Escobar Services/International Law Center's failure to file a timely application for suspension of deportation prevented them

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. This court has determined that a motion to remand on grounds of ineffective assistance of counsel should be deemed as a motion to reopen pursuant to 8 C.F.R. § 3.2(c). A motion to reopen may only be granted upon a proffer of material evidence that was not available and could not have been discovered or presented in the former hearing. *Iturribarria v. INS,* 321 F.3d 889, 895 (9th Cir.2003).

from presenting the merits of their case to the Immigration Judge (IJ), and that consequently, they were denied due process. We deny the petition.[2]

The BIA's denial of a motion to reopen is reviewed for abuse of discretion. *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003). Review is limited to the administrative record. *Njuguna v. Ashcroft*, 374 F.3d 765, 769 (9th Cir.2004). When the BIA does not perform an independent review of the IJ's decision and instead defers to the IJ, the IJ's decision is reviewed as the final agency order. *Khup v. Ashcroft*, 376 F.3d 898, 902 (9th Cir.2004).

Before making an ineffective assistance of counsel claim, an alien generally must comply with procedural requirements established by the BIA in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and approved by this court. *See Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1123 (9th Cir. 2000) (applying *Lozada* in reviewing the BIA's denial of an alien's motion to reopen). Under the *Lozada* rules, the party alleging ineffective assistance must (1) submit an affidavit explaining his agreement with former counsel regarding his legal representation, (2) present evidence that prior counsel has been informed of the allegations against her and given an opportunity to respond, and (3) either show that a complaint against prior counsel was filed with the proper disciplinary authorities or explain why no such complaint was filed. *Id.*

The BIA did not abuse its discretion in denying petitioners' motion to reopen because petitioners failed to comply with *Lo-*

*zada.* The record does not clearly establish what representations were made to petitioners by former counsel, nor offer any explanation or clarification by former counsel that would allow the BIA to assess whether petitioners received effective assistance under a Fifth Amendment due process standard. Although petitioners attached to their Opening Brief a complaint to the County of Los Angeles Department of Consumer Affairs, the complaint was not part of the administrative record, and therefore, was not presented to the BIA in compliance with *Lozada.*

Petitioners' procedural shortcomings are fatal to their claim. *Varela v. INS*, 204 F.3d 1237 (9th Cir.2000), on which petitioners rely, cannot be read to hold otherwise, particularly where the *sole basis* of a motion to reopen is ineffective assistance of counsel. *Id.* at 1240 n. 6.

Respondent's motion to strike specified portions of the Excerpts of Record and Supplemental Excerpts of Record is granted. The evidence at issue was not part of the administrative record, and Petitioners offered no legal authority for considering the "new" evidence proffered. *See* Fed. R.App. P. 16(a); *see also Njuguna*, 374 F.3d at 769 (an appellate court's review is limited to the administrative record underlying the BIA decision).

Petition for review is DENIED.

---

**2.** Petitioners may have a claim of ineffective assistance of counsel which can be raised before the BIA on a petition to reopen. *See* 8 C.F.R. § 1003.2(c). Because present counsel was the attorney for them during proceedings before the IJ and the BIA, they may find it necessary and proper to make a claim of ineffective assistance regarding him. There-

fore, they are encouraged to seek new counsel. Present counsel shall inform them of this court's concerns and shall advise them to obtain new counsel forthwith. Within 21 days, present counsel shall inform this court whether its directive has been carried out by him.