Maria URIBE, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70376.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2005.

Decided Dec. 22, 2005.

Jorge I. Rodriguez–Choi, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Susan Houser, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: NOONAN, RYMER, and GOULD, Circuit Judges.

### MEMORANDUM *

 Maria Uribe, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals (BIA) order denying Uribe's untimely motion to reopen cancellation of removal proceedings.[1] In her motion to reopen, Uribe alleged that she received ineffective assistance of counsel from two attorneys: from Uribe's first attorney, Walter Pineda, whose multiple professional failures and omissions she claims resulted in deprivation of her right to seek cancellation of removal; and from Uribe's second attorney, Mashiur Chowdhury, who filed a petition for review in our court one day late, thus also failing to make a timely filing. The BIA denied Uribe's motion on December 29, 2003, stating:[2]

> Pursuant to 8 C.F.R. § 1003.2(c)(2), a motion to reopen in any case previously the subject of a final decision by the Board must be filed not later than 90 day after the date of that decision. The pending motion to reopen was filed very late. The Department of Homeland Security (the "DHS," formerly the Immigration and Naturalization Service) opposes the motion, which will be denied.
>
> Even were the filing deadline excused, the respondent fails to show that she received ineffective assistance of counsel.

The BIA order discusses the merits of Uribe's ineffective assistance of counsel claim regarding her first attorney, Walter Pineda, reciting that "the respondent provides insufficient information from which to conclude that the respondent assisted Mr. Pineda in submitting an application for cancellation of removal." The BIA did not

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We review motions to reopen for abuse of discretion, *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002), although we review de novo claims of due process violations. *Castillo–Perez v. INS*, 212 F.3d 518, 523 (9th Cir.2000).

2. Uribe petitioned this court to review only the BIA's December 29, 2003 order. Although she raises arguments addressing the BIA's separate order, issued on June 3, 2004, denying her motion for reconsideration, we lack jurisdiction to review that June 3, 2004 order because she did not file a petition seeking its review. *See Andia v. Ashcroft*, 359 F.3d 1181, 1183 n. 3 (9th Cir.2004) (per curiam) ("[T]he BIA's denial of a motion to reconsider is a separate action that must be separately appealed for this court to have jurisdiction."). We thus decline to address that order.

at all discuss Uribe's claim regarding her second attorney, Mashiur Chowdhury.[3]

The BIA's order denying Uribe's motion to reopen presents us with two reasons for the BIA's denial of relief: The first is that Uribe's motion was untimely, and the second is that her ineffective assistance of counsel claims concerning Pineda were without merit. The order is unclear whether the BIA relied upon both grounds, although our reading of its language suggests its decision did so. However, insofar as the BIA denied Uribe's motion to reopen because it was untimely, petitioner contends that the BIA abused its discretion because it did not consider equitable tolling. And insofar as the BIA denied Uribe's motion to reopen on the merits, the petitioner contends that the BIA abused its discretion because it analyzed Uribe's ineffective assistance of counsel claim regarding Mr. Pineda under the incorrect legal standard, and the BIA abused its discretion because it ignored Uribe's ineffective assistance of counsel claim regarding Mr. Chowdhury.

■■■ We have recognized that the BIA may consider an untimely motion to reopen when the alien alleges ineffective assistance of counsel "amounting to a due process violation. . . ." *Hamoui v. Ashcroft,* 389 F.3d 821, 826 (9th Cir.2004). Further, the BIA abuses its discretion when it fails to consider whether equitable tolling applies to a late motion to reopen. *See Varela v. INS,* 204 F.3d 1237, 1239–40 (9th Cir.2000). Uribe argued in her motion to reopen that equitable tolling should apply to her late motion to reopen because

she received ineffective assistance of counsel. But, contrary to the mandate of *Varela,* the BIA order did not mention equitable tolling. Because the BIA did not address Uribe's argument that her claim was entitled to equitable tolling, we hold that the BIA abused its discretion when it concluded the motion was untimely.

We next consider the BIA's alternative determination that Uribe's ineffective assistance of counsel claims concerning Mr. Pineda fail on the merits. "In deportation proceedings, an alien's right to be represented by counsel is based on the due process guarantees of the Fifth Amendment." *Iturribarria v. INS,* 321 F.3d 889, 899 (9th Cir.2003). An alien's due process rights under the Fifth Amendment are violated "only when the proceeding is so fundamentally unfair that the alien is prevented from reasonably presenting her case." *Reyes v. Ashcroft,* 358 F.3d 592, 596 (9th Cir.2004) (internal quotation marks omitted). To prevail on an ineffective assistance of counsel claim, an alien must prove two elements. First, the alien "must demonstrate 'that counsel [failed to] perform with sufficient competence.'" *Maravilla Maravilla v. Ashcroft,* 381 F.3d 855, 858 (9th Cir.2004) (per curiam) (quoting *Lin v. Ashcroft,* 377 F.3d 1014, 1027 (9th Cir.2004) (alteration in original)). Second, the alien must show that she was "prejudiced by [her] counsel's performance." *Maravilla,* 381 F.3d at 858.[4]

■■■ Concerning Uribe's ineffective assistance of counsel claim regarding Mr. Pineda, the BIA did not discuss whether

---

**3.** Because the parties are familiar with the facts and procedural history, these are recounted only to the extent necessary to understand our decision.

**4.** Motions to reopen must also comply with the procedural requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 1988 WL

235454 (BIA 1988). Uribe argues that she complied with the *Lozada* requirements, and the Government does not argue otherwise. However, the BIA did not reach this issue in its order, so we may not resolve it here. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

Mr. Pineda's failure to file Uribe's application for cancellation of removal was ineffective assistance of counsel. Rather, the BIA order addressed that Uribe had not informed Mr. Pineda that Uribe possibly qualified for relief as a battered spouse, and found there was a failure of Uribe to alert her counsel that she had been battered by her spouse. But we have held that the failure to timely file an application for suspension of deportation (now withholding of removal) can be considered ineffective assistance of counsel where the attorney lacks a reason for doing so. *Castillo–Perez v. INS*, 212 F.3d 518, 526 (9th Cir.2000). And thus we also hold that it was error for the BIA not to consider the counsel's failure to make a timely filing of an application for cancellation of removal.

More fundamentally, we have held that the BIA abuses its discretion when it "never weighs the evidence of counsel's performance so as to reach a finding on his competence, the first required showing." *Maravilla*, 381 F.3d at 858. Whatever the significance of Uribe's failure to alert her counsel to a possible ground for cancellation of removal, here we consider it incorrect that the BIA did not weigh the evidence of Mr. Pineda's performance, and never determined, in the first instance, whether Mr. Pineda provided competent representation. The BIA should have focused on the conduct of counsel, examining Mr. Pineda's representation to ensure that it was competent. Instead the BIA improperly focused on what Uribe failed to do. Uribe's communications or lack thereof may be relevant to assessing the conduct of counsel, but it is the conduct of counsel upon which the BIA must focus its lens of examination to resolve a claim of ineffective assistance of counsel.

▪ The BIA also abused its discretion when it failed to consider Uribe's ineffective assistance of counsel claim regarding Mr. Chowdhury, who did not timely file a petition for review in our court. An attorney provides ineffective assistance of counsel when he or she files a petition for review in our court one day late. *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1044–45 (9th Cir.2000). Here, the BIA did not consider Uribe's ineffective assistance of counsel claim regarding Mr. Chowdhury, let alone "weigh[ ] the evidence of counsel's performance," as *Maravilla* requires. Therefore, we hold that the BIA abused its discretion when it did not consider Uribe's ineffective assistance of counsel claim regarding Mr. Chowdhury.

We GRANT Uribe's petition for review, and REMAND to the BIA for further proceedings consistent with this disposition.