**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TARIK CHOUGUI, | Nos. 07-70313 and 07-73131 |
| Petitioner, | Agency No. A095-296-584 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 7, 2011
Pasadena, California

Before: HAWKINS and FISHER, Circuit Judges, and ZOUHARY, District Judge **

Tarik Chougui ("Chougui") seeks review of the Board of Immigration Appeals'

("BIA") denial of his (1) motion to reopen on the basis of ineffective assistance of

counsel, and (2) motion to reconsider his claims for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT"). Because the BIA did

_____

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** Honorable Jack Zouhary, United States District Judge for the Northern
District of Ohio, sitting by designation.

not act "arbitrarily, irrationally, or contrary to law" in denying these motions, *see Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005), and substantial evidence supports the Immigration Judge's ("IJ") underlying denial of relief, *see Kumar v. Gonzales*, 444 F.3d 1043, 1049 (9th Cir. 2006), the petitions for review are denied.

The BIA adopted the IJ's reasoning, so we review both decisions. *See Nehad v. Mukasey*, 535 F.3d 962, 966 (9th Cir. 2008). Throughout the course of his removal proceedings, Chougui repeatedly represented to the IJ that he first entered the United States in 1995, returned to Algeria in 1996, suffered persecution at the hands of Islamic extremists on account of his political activities and beliefs between 1999 and 2000, and then fled to the United States on December 31, 2000 to seek asylum, for which he applied in January 2002.

After the government produced California Department of Motor Vehicles records showing Chougui had submitted a change of address form in 1999, Chougui admitted, first to his attorney, and then to the IJ, that he had in fact never left the country after entering in 1995. Although Chougui insisted that the substance of his claim was true and that a *notario* had advised him to falsify the dates on his asylum application to circumvent the one-year time bar, the IJ found that his persistent fabrications went to the heart of his claim and that his explanation for the false testimony was not credible. The IJ concluded that Chougui was time-barred from

2

applying for asylum and had not established changed or extraordinary circumstances, that he was not credible and failed to establish past persecution or a well-founded fear of future persecution in any event, and that he failed to establish eligibility for withholding of removal or CAT relief.

The BIA found the IJ's adverse credibility determination was supported by "specific and cogent reasons based on the record," and we agree. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002); *see also Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (petitioner's prolonged perpetuation of a lie throughout proceedings provided a "specific, cogent reason" for finding him not credible); *Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005) (same); *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (adverse credibility finding will be upheld unless the record compels otherwise). The IJ gave Chougui an opportunity to explain his false statements and considered them in light of all the circumstances. *See Don v. Gonzales*, 476 F.3d 738, 741, 744 (9th Cir. 2007); *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124-25 (9th Cir. 2010); *Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). Thus, even if Chougui had established changed circumstances exempting him from the statutory one-year time bar for asylum, which he failed to do, the IJ's discretionary denial of asylum was adequately supported by substantial evidence.

We also conclude that substantial evidence supported the IJ's denial of withholding of removal and CAT relief, as these claims were "based on the same statements . . . that the [IJ] determined to be not credible" in the asylum context, *see Farah*, 348 F.3d at 1157; *see also Almaghzar v. Gonzales*, 457 F.3d 915, 921-22 (9th Cir. 2006), and the remainder of the record, standing alone, does not "compel the conclusion that [Chougui] is more likely than not to be" persecuted on account of a protected ground or tortured if returned to Algeria, *see Dhital*, 532 F.3d at 1051 (internal quotation marks and brackets omitted). Although Chougui submitted newspaper articles describing the persecution of other Algerian political singers, nothing in the record, other than his own testimony and affidavits, identifies him as a member of this social group or a holder of any particular political beliefs. In the absence of any corroborating evidence regarding Chougui's likelihood of facing torture or persecution upon return to Algeria, the IJ had no basis on which to grant withholding or CAT relief.

Finally, Chougui's motion to reopen asks us not only to believe his proffered explanation for lying but also to determine that he was denied due process in his removal proceedings as a result of the *notario*'s wrong information and his counsel's alleged failure to remedy the matter. Chougui's claim is without merit on both counts. Although we recognize that the exploitative practices of predatory *notarios* may, under

4

certain circumstances, give rise to a Fifth Amendment violation, *see, e.g.*, *Fajardo v. INS*, 300 F.3d 1018, 1021-22 (9th Cir. 2002); *Varela v. INS*, 204 F.3d 1237, 1240 (9th Cir. 2000), any prejudice that Chougui might have suffered was cured when he retained legal counsel, who adequately represented him at each IJ hearing. Moreover, Chougui himself is responsible for withholding critical information from his attorney, and he presents no evidence that his attorney's performance fell below the "wide range of reasonable representation" that passes muster even under the Sixth Amendment, let alone the Fifth, based on the information she had. *See Torres-Chavez v. Holder*, 567 F.3d 1096, 1101 (9th Cir. 2009). Chougui's decision to rely on the bad advice of a non-attorney even after having retained legal counsel, and to continue perpetuating a fraud on both his attorney and the IJ, does not render his removal proceeding "fundamentally unfair." *See Mohammed*, 400 F.3d at 793.

**PETITIONS DENIED.**