**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

OCT 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JOSE MUNOZ GODINEZ; ANTONIA MUNOZ, | No. 09-71644 |
| Petitioners, | Agency Nos.  A075-758-732  A075-758-733 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued November 17, 2014 Submitted October 30, 2015**
Pasadena, California

Before: SCHROEDER, PREGERSON, and NGUYEN, Circuit Judges.

Jose Munoz Godinez and Antonia Munoz (the Munozes) petition for review

of the BIA's denial of their motion to reopen. We have jurisdiction to review the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

BIA's decision as a final order of removal under 8 U.S.C. § 1252. We grant the petition.

The BIA denied the motion to reopen as untimely, finding that the Munozes were not entitled to equitable tolling. This court reviews the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008).

Equitable Tolling

The BIA denied the Munozes' motion to reopen as untimely. In so ruling, the BIA rejected the argument that the time within which to reopen for ineffective assistance should be tolled because the Munozes knew that Carlos Lewis, their notario immigration consultant, was not an attorney. The BIA erred. The deadline to file a motion to reopen is equitably tolled when the deadline is missed because of fraud of a non-attorney immigration consultant.[1] *See Varela v. INS*, 204 F.3d

---

[1]Although the petitioners argue for equitable tolling under a theory of ineffective assistance of counsel, notario Lewis is not at attorney. *See Hernandez v. Mukasey*, 524 F.3d 1014, 1015–16 (9th Cir. 2008) (holding that "knowing reliance upon the advice of a non-attorney cannot support a claim for ineffective assistance of counsel"); *cf. Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1224 (9th Cir. 2002) (finding petitioners worthy of equitable tolling due to ineffective assistance of counsel where they knowingly relied on a non-attorney who purported to be coordinating legal services on their behalf).

(continued...)

1237, 1240 (9th Cir. 2000) (holding that equitable tolling is appropriate where petitioner was "defrauded by an individual purporting to provide legal representation").

Here, the Munozes paid Lewis at J&N Enterprises to handle their immigration case. The Munozes reasonably believed that Lewis worked with attorneys because Lewis provided them with an attorney to represent them at two hearings before the Immigration Judge (IJ). On October 28, 2004, the IJ denied the Munozes' applications for cancellation of removal. Two days later, the Munozes paid notario Carlos Lewis at his request an additional $1,300 to handle their appeal to the BIA. Because Lewis and J&N Enterprises had twice provided the Munozes with an attorney when they appeared before the IJ, the Munozes reasonably believed that the additional $1,300 was paid for an attorney to work on their appeal to the BIA. Instead, Lewis, their non-attorney immigration consultant, handled their appeal himself.

---

[1](...continued)
A more appropriate grounds for equitable relief is a theory of fraud of a non-attorney immigration specialist, which we find implicit in the petitioners' argument. *See Fajardo v. INS*, 300 F.3d 1018, 1021 (9th Cir. 2002) (holding that an argument of ineffective assistance could be construed as an argument of fraud because "[i]n the present case, the distinction between arguing misconduct and fraud is merely semantic" and "the precise language used should not prohibit resolution" of a petitioner's claim).

The deadline for the Munozes to file an appeal with the BIA was November 29, 2004. ER 365. On January 10, 2005, over one month after the deadline, Lewis filed an untimely notice of appeal with the BIA that was not signed by an attorney. Notario Lewis attached a letter to the untimely notice of appeal that cast blame on the Munozes for the late filing of the appeal. While the letter was signed by Jose Munoz, it was in English. Jose Munoz cannot speak or read English so he did not understand what he was signing.

The BIA denied the Munozes' appeal on March 16, 2005. Notario Lewis failed to inform the Munozes that the BIA denied their appeal. In fact, notario Lewis lied to the Munozes, telling them that the appeal was filed late with the BIA due to bad weather, but that "he would fix everything so [the Munozes] could still have [their] appeal." Lewis also failed to inform the Munozes that he filed a motion to reconsider with the BIA or that it was denied in June 2005.

Thereafter, the Munozes had only occasional contact with notario Lewis. Occasionally Lewis sent them a document to sign, but he never explained the purpose of any of the documents.

In 2008, the Munozes began receiving documents from this court. The Munozes were unaware that an appeal had been filed with the Ninth Circuit and

grew concerned because they had not been informed of the outcome of their appeal with the BIA. At this time, the Munozes decided to contact another attorney.

On November 25, 2008, the Munozes met with an attorney at the Hill, Piibe, and Villegas law firm who examined the documents they had received from the Ninth Circuit and explained what had occurred with their case before the BIA and that an appeal was now pending before this court.

Apparently, on December 5, 2005, notario Lewis had filed a two-page "informal brief" on behalf of the Munozes with the Ninth Circuit challenging the BIA's denial of the motion to reconsider. Ultimately, on February 13, 2009, without holding oral argument, a three-judge panel of our court (Farris, Wardlaw, and District Judge William W. Schwarzer of the Northern District of California) denied the petition in part and dismissed the petition in part. Our court determined that the BIA had not abused its discretion in denying the Munozes' motion to reconsider because no errors of fact or law were raised. *Id.* Further, our court did not have jurisdiction to review the BIA's denial of the direct appeal as untimely because no petition for review of that decision was filed. *Id.*

During the November 25, 2008 meeting the Hill, Piibe, and Villegas attorney also informed the Munozes that the appeal and motion to reconsider that had been filed with the BIA were signed by Mr. Munoz only, as if they had not

been worked on by an attorney. This same day the Munozes hired the Hill, Piibe, and Villegas law firm to file a motion to reopen with the BIA. The Hill, Piibe, and Villegas law firm remains the Munozes' counsel to this day. New counsel filed a motion to reopen with the BIA on December 23, 2008. The BIA denied that motion on April 30, 2009. The BIA's denial of the motion to reopen is the subject of the appeal before us.

We have recognized the need for equitable tolling in cases where petitioners are defrauded by individuals purporting to provide or coordinate legal services. *Varela*, 204 F.3d at 1240; *Lopez*, 184 F.3d at 1097. In *Lopez*, for example, a notary posed as an attorney and was late in filing documents for the petitioner. *Id*. at 1100. While it does not appear that Lewis or any representative from J&N Enterprises explicitly lied about being an attorney, Lewis undertook deceptive practices in his work with the Munozes. After their initial agreement to work with the Munozes, Lewis and J&N Enterprises ensured that the Munozes had an attorney at their hearings before the IJ. However, after their second agreement regarding filing an appeal with the BIA, it appears that no attorneys worked on the Munozes's case, despite the Munozes upholding their end of the bargain and paying J&N Enterprises $1,300. Subsequently, Lewis lied about the reasons for the untimely appeal and failed to inform the Munozes of either the filing or denial of a motion to

6

reconsider. It was reasonable for the Munozes to believe they had contracted for the provision of legal services, and the fraudulent practices of Lewis in this regard are enough to require equitable tolling.

Thus, the BIA abused its discretion when it determined that the Munozes were not entitled to equitable tolling.

**PETITION GRANTED. REMANDED.**